IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

RANDY MARSH, ET AL.                                                    PLAINTIFFS

v.                                        No. 2:06CV00144 GH

YAMAHA MOTOR CORPORATION, U.S.A.                                DEFENDANT

## ORDER

Pending before the Court is the plaintiffs' July 7th motion to remand to which the defendant responded on July 18th.

The case was originally filed in the Woodruff County Circuit Court on July 26, 2004, seeking damages for injuries incurred by Matthew Marsh in a boating incident when his chest came in contact with the flywheel of a boat motor.  The complaint sought damages for past and future medical experiences, for permanent partial impairment, for past and future pain and suffering, past and future mental anguish, loss of ability to earn in the future, scars, disfigurement, and other visible results of the injury and other damages.  Plaintiffs prayed for damages in the amount of $72,000.00 – less than the minimum requirement for federal court diversity jurisdiction.

On April 27, 2005, defendant removed the case to federal court on the basis of diversity jurisdiction arguing that as plaintiffs would not admit or deny that the total of the claimed damages is less than $75,000, that it was clear that plaintiffs were in actuality seeking damages in excess of $75,000.00.  The case, Marsh v. Yamaha Motor Corporation, U.S.A., 2:05CV00097 GH, was assigned to the undersigned.

Plaintiffs, on May 20, 2005, filed a motion to remand; defendant filed a brief in opposition on May 31, 2005.  By order filed on August 23, 2005, the Court noted that plaintiffs interposed rather frivolous objections to the requests for admissions and there was a real question as to whether any of the objections could be considered to be made in good faith; however, the Court continued that in the absence of any other evidence in support of defendant's position, the Court could not speculate that plaintiffs actually were seeking more than $75,000 and remanded the case to state court.

On June 9, 2006, defendant filed a notice of second removal asserting that plaintiffs served an amendment to the complaint on May 23rd now seeking a sum in excess of $75,000.  It contends that the notice is being filed within thirty days of receipt of the amendment to complaint from which it was first ascertained that the case had become removalable and, that although more than one year had passed since the commencement of the action, the limitation period should be equitable tolled as plaintiffs are attempting to manipulate the statutory rules for determining federal removal jurisdiction.

The case upon this removal was initially assigned to Judge Wright, but was reassigned to the undersigned on July 5th upon concurrence of the judges that plaintiffs' notice of related case was correct.

On July 7th, plaintiffs filed a motion to remand recounting the history of the case through the first removal and then remand.  They continue that Matthew had an appointment on May 16th with Dr. Suzanne Yee who recommended laser surgery and injections of steroids into the scars on his chest with the laser surgery to be performed every six weeks for one to two years at a cost of $375 per visit and for him to received five to ten steroid injections every six weeks at a cost of $75 each.

Plaintiffs state that, based upon that recent development, they filed an amendment to the complaint and increased their prayer for damages for a sum in excess of $75,000.

They argue that defendant has acknowledged that more than one year has passed since the commencement of this action, but contends that the limitation should be equitably tolled in light of plaintiffs' conduct although not citing any authority for such tolling or offering evidence of the conduct of plaintiffs except a conclusory statement that plaintiffs are attempting to manipulate the statutory rules.  Plaintiffs concede that district courts are split on the issue of equitable tolling, but they assert that the facts here do not meet that criteria – no facts to indicate that any of the medical information could have been obtained prior to the expiration of the one year period – and that the Eighth Circuit has applied the time limitation strictly.  They also request an award of costs and attorney's fees.

Defendant responded on July 18th that removal was proper and timely as it was filed within thirty days after receipt of the amended pleadings and the limitation period should be equitably tolled in light of plaintiffs' efforts at forum manipulation.  It also recounts the previous removal and states that plaintiffs have yet to admit or deny its first set of requests for admission regarding the total of claimed damages.  Defendant points to the growing area of case law in other circuits that subjects the one-year time limit to equitable considerations and that the Eighth Circuit has not yet addressed the issue.  It continues that when it took Matthew's deposition about the possibility of additional plastic surgery to try to reduce the scarring on his chest, he testified that he had seen a plastic surgeon who did not really recommend that it would correct it so he decided not to and his mother similarly testified that the plastic surgeon informed them that was nothing guaranteed for any scar treatment options and so decided not to do any treatment of the scars.  Now, defendant argues,

that the one year limitations period has passed Matthew will now undergo laser treatment and injection of the scars thereby increasing their prayer for damages.

The Court agrees with defendant that the Eighth Circuit has not yet ruled on the issue of equitable tolling of the one-year limitation for removal of a diversity case.  The Court further agrees with defendant that a number of courts that have considered the issue have found that the time requirement could be subject to equitable tolling.  However, a couple of comparisons of the factual situations cited by defendant to the case at bar reveals that equitable tolling is not warranted here.

In Tedford v. Warner-Lambert Co., 327 F.3d 423, 427-428 (5th Cir. 2003), the appellate court found:

> "Tedford, a resident of Eastland County, filed a complaint with Castro in Johnson County, despite the fact that neither plaintiff could state a cognizable claim under Texas law against the sole nondiverse defendant.  She amended her complaint to add her own physician hours after learning of Warner-Lambert's intent to remove.  Then, Tedford signed and post-dated the Notice of Nonsuit of Dr. DeLuca prior to the expiration of the one-year period, but did not file the document with the court or notify Warner-Lambert until after the one-year anniversary of the filing of the complaint.  Equity demands Tedford be estopped from seeking to remand the case on the basis of the one-year limit in § 1466(b).

The following excerpt from Wise v. Gallagher Bassett Services, Inc., 2002 WL 2001529, *1 (D. Md. 2002), illustrates:

> On April 18, 2001, plaintiff instituted this action in the Circuit Court for Baltimore County.  She requested damages of only $75,000.  She repeated this claim for damages in two amended complaints she subsequently filed.

> On June 17, 2002, plaintiff served defendant with a fourth amended complaint in which, without alleging any new facts concerning the injuries she had suffered, she increased her damage claim to $750,000.  Within thirty days after having been served with the fourth amended complaint, defendant removed the action to this court.  Plaintiff has now filed a motion to remand.

> Plaintiff's motion will be denied.  Obviously, plaintiff has engaged in "forum manipulation" in an effort to defeat defendant's removal right.  She does not contend that before filing her fourth amended complaint she had uncovered any additional information concerning the

-4-

injuries she had suffered, thereby justifying her tenfold increase in her claim for damages. Rather, she simply relies upon the language of 28 U.S.C. § 1446(b) that she contends prevents a defendant in a diversity case from removing an action more than one year after commencement of the action.

I agree with those courts that have held that Congress did not intend to permit such forum manipulation when it enacted § 1446(b).

Although it is true that plaintiffs had previously not admitted nor denied whether the total of the claimed damages is less than $75,000, the Court remanded the case upon the first removal as there was no evidence in support of defendant's position that plaintiffs actually were seeking more than $75,000. That remand was by order filed on August 23, 2005. The record reflects that it was only after Matthew saw Dr. Yee on May 16, 2006, who recommended laser and injection treatments, that plaintiffs amended the complaint on May 23rd seeking damages for a sum in excess of $75,000. While defendant points to the December 21, 2004 deposition testimony by Matthew and Janice when asked about the possibility of additional scar treatment that they had decided not to do any further treatment, both Matthew and Janice referred to the specialist as "he" while Dr. Yee is a "she." Thus, it appears that plaintiffs consulted a different doctor seventeen months after the depositions were taken and almost nine months after the remand. In light of the new medical facts and the lack of suspicious timing, the Court cannot find that equitable tolling is appropriate.

Accordingly, plaintiff's July 7th motion (#8) to remand the case to the Woodruff County Circuit Court is hereby granted.

IT IS SO ORDERED this 21st day of December, 2006.

_George Howard, Jr_
UNITED STATES DISTRICT JUDGE